# Garst, Appellant, *v.* Wissler.

*Contract—Sale—Reservation of title—Unreasonable restriction.*

A manufacturer may control by contract the trade sales of proprietary articles to his direct purchasers, but he cannot retain the title to his property, and impose unreasonable restrictions on its transfer after he has received the price he designates as the full purchase price therefor.

In an action of assumpsit, it appeared that plaintiff, a manufacturer of pills, printed upon the boxes containing the pills, the following notice : " Important Notice.—This box of Phenyo-Caffein is sold to be consumed only, and the title continues in the Phenyo-Caffein Company to prohibit a resale thereof by any purchaser at retail, except that it may be resold for not less than twenty-five cents per box or five boxes for one dollar. The acceptance of this box by any person is assent to this condition of sale, and a direct agreement with the Phenyo-Caffein Company that for each violation the possession of the box may be recovered, and the party selling will pay the said company twenty-one dollars as liquidated damages; it being impossible to ascertain the exact damages the said company will suffer by said violation." The plaintiff required his customers to sign a contract to the effect that in consideration of a per cent deducted from the full retail price, they would not sell for less than the prices named in the notice. The defendant refused to negotiate with the plaintiff, and purchased plaintiff's pills from another druggist with whom he made no agreement, and from whom he received no notice of the matters contained in the contract. Defendant, however, knew the terms of the contract. *Held*, that the plaintiff could not recover from the defendant the amount of liquidated damages mentioned in the notice, on the theory that there was an implied contract between them.

Argued Oct. 9, 1902. Appeal, No. 51, Oct. T., 1902, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1901,

532, (1902).]    Statement of Facts—Opinion of the Court.

No. 408, discharging rule for judgment for want of a sufficient affidavit of defense in case of Julius Garst, trading as Pheyno-Caffein Company, v. Arthur J. Wissler.    Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Assumpsit upon an alleged implied contract.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Frank R. Savidge,* with him *Henry D. Paxson,* for appellant. It is submitted that the contract is not opposed to public policy : Park v. National Wholesale Druggists Assn., 54 App. Div. 233 (66 N. Y. Supp. 615); Dickerson v. Matheson, 57 Fed. Repr. 524; Dickerson v. Tingling, 84 Fed. Repr. 192; Edison Phonograph Co. v. Kaufmann, 105 Fed. Repr. 960 ; Smith on Contracts, page 223 ; Morse Twist Drill & Machine Co. v. Morse, 103 Mass. 73 ; Peabody v. Norfolk, 98 Mass. 452; Jarvis v. Peck, 10 Paige's Chancery (N. Y.) 118 ; Cent. Roller Shade Co. v. Cushman, 143 Mass. 353 (9 N. E. Repr. 629) ; Fowle v. Park, 131 U. S. 88 (9 Sup. Ct. Repr. 658).

Purchase by defendant was assent to the terms of sale of the pills : Adams v. Kuehn, 119 Pa. 76 ; Jackson v. Ely, 57 Ohio, 450 (49 N. E. Repr. 792) ; Garst v. Harris, 177 Mass. 72, (58 N. E. Repr. 174) ; Dickerson v. Matheson, 57 Fed. Repr. 524.

The law implies a contract direct between the plaintiff and the defendant: Dickerson v. Tingling, 28 U. S. C. C. A. 139 (84 Fed. Repr. 192).

There can be be no doubt that $21.00 in each case can be recovered as liquidated damages : Stover v. Spielman, 1 Pa. Superior Ct. 526.

The form of contract in suit has been upheld in Massachusetts in all its terms : Garst v. Harris, 177 Mass. 72 (58 N. E. Repr. 174) ; Garst v. Hall & Lyon Co., 61 N. E. Repr. 219.

*I. Hazleton Mirkil,* for appellee, cited : Garst v. Hall & Lyon Co., 61 N. E. Repr. 219.

Opinion by Orlady, J., December 13, 1902 :

This action of assumpsit was brought to recover damages

upon an alleged breach of an implied contract under the following facts : The plaintiff is a manufacturer of pills, that are sold to the trade in boxes upon which the following notice is printed : " Important Notice. This box of Phenyo-Caffein is sold to be consumed only, and the title continues in the Phenyo-Caffein Company to prohibit a resale thereof by any purchaser at retail, except that it may be resold for not less than twenty-five cents, or five boxes for one dollar. The acceptance of this box by any person is assent to this condition of sale and a direct agreement with the Phenyo-Caffein Company that for each violation, the possession of the box may be recovered, and the party selling will pay the said company twenty-one dollars as liquidated damages, it being impossible to ascertain the exact damages the said company will suffer by violation." From the record it appears that the plaintiff has an agent in Philadelphia for the sale of his pills to retailers and that he requires of those who purchase from him or from his recognized agents, that they sign a contract which provides that in consideration of the license of the plaintiff company to permit the sale of the pills, and the further consideration of " the per cent deducted from the full retail price allowed by the Phenyo-Caffein Company," the vendee or retailer agrees not to sell, nor to allow any one in his employ to sell, directly or indirectly, Phenyo-Caffein twenty-five cent size for less than twenty-five cents a single box, or five boxes for $1.00 or twelve boxes for $2.25, nor the ten cent size for less than the face price. The vendee or retailer agrees that if he violates the terms of this contract he will pay to the Phenyo-Caffein Company the sum of $21.00, that sum being the agreed amount that the Phenyo-Caffein Company would be damaged by a breach of the agreement. This clause as to the amount of damages is inserted because it is recognized and agreed that a breach of this agreement would cause the Phenyo-Caffein Company a severe and material loss, and also that it would be very difficult, and often impossible, to prove the exact amount of such loss. The vendee or retailer further agrees that the acceptance of said goods, with the notice of the conditions of sale, shall be held to be an assent on his part to the foregoing terms, and to be an agreement with the Phenyo-Caffein Company to sell subject to the price restrictions fixed by it. It further appears that the defendant

refused to negotiate with the plaintiff on the basis of the contract quoted, and purchased certain of the plaintiff's pills from a druggist who was not the plaintiff's agent in Philadelphia, and from whom he received no personal caution or notice regulating the sale of the goods, and that he did not sign any agreement therefor. The plaintiff's contention is that by the acceptance of the trade articles with the notice on the box, a direct contract between the plaintiff and the defendant is implied which binds the defendant to its terms. The court below discharged a rule for judgment for want of a sufficient affidavit of defense. There was no direct contract between the plaintiff and the defendant as to the price to be received by the defendant, or the class of persons to whom he was to sell the pills nor the rules regulating their use. The right to recover damages on an implied contract must be supported by clearer proof of the acceptance of its terms than is alleged in this case. The notice and the agreement taken together apply only to persons who sign the written contract and who, under its terms, are to have the benefit of " the per cent deducted from the full retail price," and it would be unreasonable to hold that it applied to purchasers who paid the full retail price (five boxes for $1.00) as did the defendant in this case. The printed matter on the pill boxes constituted no more than a notice to persons who were purchasers ; for any violation of which the plaintiff must show defendant's assent to its terms. The plaintiff may control the trade sales of his products to his direct purchasers, but he cannot retain the title to his property and impose unreasonable restrictions on its transfer after he has received the price he designates as the full purchase price therefor. To hold otherwise would permit him to impose terms that would determine his liquidated damages for the violation of directions as to the manner or time of taking the pills ; and he could assert his title to the property when taken in execution in the possession of the last purchaser. Such a restriction on trade and reservation of title should not receive the encouragement of the courts. The defendant in this instance refused to become the agent of the plaintiff, or to be bound by the terms contained in the contract. The fact that the defendant and plaintiff had corresponded in regard to the sale of the pills, and that the former knew of the terms of the contract,

does not change the plaintiff's right in this action, as the defendant refused to accept the plaintiff's offer. In Garst v. Hall & Lyon Co., 61 N. E. Repr. 219, a case very similar to the present was decided, in which it was held that "the plaintiff's right was founded on the personal contract alone, and can be enforced only against the contracting party. To say that the contract is attached to the property and follows it through successive sales which severally pass the title, is a very different proposition." The plaintiff has the undoubted right to control the selling price of his proprietary article by a contract, which he could enforce against those who are willing to contract with him, but to hold that the individual purchaser is bound by the terms printed on the box of pills, and is liable for liquidated damages the amount being determined by the plaintiff while at the same time the title continues in the plaintiff, is a longer step than we are willing to take. It is contradictory to the idea that assent, or what is equivalent thereto, is necessary to a contract before a party can be bound. See also Garst v. Hall & Lyon Co., 55 L. R. A. 631.